UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4111

EDDIE ANDRIC CORBETT, a/k/a Dreek,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-95-151-F)

Submitted: February 24, 1998

Decided: March 16, 1998

Before ERVIN and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard Luby Cannon, III, Greenville, North Carolina, for Appellant.
Anne Margaret Hayes, OFFICE OF THE UNITED STATES
ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Eddie Andric Corbett was arrested in 1995 for conspiracy to possess with intent to distribute cocaine base. Corbett entered a plea agreement with the Government, and cooperated in the investigation of the conspiracy. The plea was entered on September 6, 1995.

The district court initially sentenced Corbett to 262 months imprisonment, to be followed by five years supervised release. In August 1996, the Government moved for downward departure pursuant to Fed. R. Crim. P. 35(b). The district court reduced Corbett's sentence to 192 months. In February 1997, another Rule 35 motion resulted in a reduction to 168 months. Corbett's notice of appeal followed that ruling.

Counsel filed this brief pursuant to Anders v. California, 386 U.S. 738 (1967). He alleges that the district court abused its discretion in failing to sentence Corbett in conformity with similarly situated co-defendants who received drastic sentence reductions. He also argues that Corbett should have been allowed to be present at the Rule 35 hearings.

In both the plea agreement and the plea proceeding, Corbett agreed to waive any appeal from the sentence, reserving only the right to appeal from an upward departure by the sentencing judge. A waiver of appeal provision in a valid plea agreement is enforceable, as long as it is the result of a knowing and intelligent decision to forgo an appeal. United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Whether such a waiver is knowing and intelligent depends "upon the particular facts and circumstances surrounding [its making], including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). We review de novo the validity of a waiver. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Even a valid waiver does not bar appellate review of every sentence, such as one imposed in excess of the maximum legal penalty or based

2

on an impermissible factor such as race. <u>United States v. Broughton-Jones</u>, 71 F.3d 1143, 1146-47 (4th Cir. 1995).

We conclude that Corbett's waiver was knowing and voluntary. At the Rule 11 proceeding, the district court established that Corbett was twenty-two years old, had been educated through the twelfth grade, was represented by counsel, and had discussed the charges against him with his lawyer. The district court specifically mentioned the appellate waiver when setting out the terms of the plea agreement, and Corbett agreed that the district court represented the terms correctly. Nothing in the record suggests that Corbett's decision to waive his appeal rights was not a knowing and intelligent one.

Therefore, we conclude that Corbett's waiver is valid and binding, and we lack jurisdiction to review the modification of his sentence under Fed. R. Crim. P. 35(b). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

3